# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) NO. 3:19-cr-00098 |
| v. | ) |
| | ) JUDGE CAMPBELL |
| | ) |
| RICARDO BENDER | ) |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant's Motion to Suppress Evidence (Doc. No. 18). The Government filed a Response (Doc. No. 20) and Plaintiff filed a Reply (Doc. No. 21). Through the Motion, Defendant seeks to suppress items seized from his home and car on March 27, 2019, during the execution of a search warrant. The Court held a hearing on the Motion on October 29, 2019. For the reasons discussed below, Defendant's Motion to Suppress Evidence is **GRANTED** in part and **DENIED** in part.

## I. FACTS

In March of 2019, Wilson County Detectives received information from an anonymous person that Defendant was staying at 3825 Bonnacreek Drive. (Doc. No. 18-1 at 4). Defendant was known to law enforcement to have an outstanding Federal Probation violation warrant as well as multiple warrants out of Wilson County. (Doc. No. 18-1 at 4).

On March 27, 2019, Defendant was arrested at 3825 Bonnacreek Drive with a small bag of marijuana on his person. (Doc. No. 18-1 at 4; Doc. No. 20 at 2; Doc. No. 21 at 2). Detectives also detected a strong odor of marijuana coming from the door that Defendant was exiting from at 3825 Bonnacreek Drive while he was being taken into custody. (Doc. No. 18-1 at 4). A black 1998

Lexus ("black Lexus") was parked outside the door of 3825 Bonnacreek Drive, and detectives had observed Defendant driving the black Lexus on multiple occasions. (Doc. No. 18-1 at 4).

On March 27, 2019, Detective Byrnes of the Metropolitan Nashville Davidson County Police Department applied to a Davidson County General Sessions Judge (the "Magistrate" or "issuing Judge") for a warrant to search the single family home at 3825 Bonnacreek Drive and the black Lexus parked at that address. (Doc. No. 18-1). In his affidavit, Detective Byrnes swore the following, in an effort to establish the requisite probable cause:

1. In March of 2019, Wilson County Detectives received information from an anonymous person that a Mr. Ricardo Bender was staying at 3825 Bonnacreek Drive. Mr. Bender was known to law enforcement to have an outstanding Federal Probation violation warrant as well as multiple warrants out of Wilson County.

2. On 03/7/2019 U.S. Marshals Task Force with the assistance of Wilson County Detectives observed Mr. Bender leave the back door of 3825 Bonnacreek Drive. Mr. Bender was taken into custody without incident. On Mr. Bender's person, detectives located a small bag of marijuana.

3. After Mr. Bender was in custody, Detectives also detected a strong odor of marijuana coming from the door that Mr. Bender was exiting while being taken into custody.

4. A black 1998 Lexus LS400 (Tag: 672YZG VIN: JT8BH28F8W0105558) was parked directly outside the door that Mr. Bender was exiting from. Detectives have observed Mr. Bender driving that vehicle on multiple occasions.

(Doc. No. 18-1 at 4).

Based on the above facts, Detective Byrnes swore that he believed "other person(s) occupying the residence may be keeping controlled substances, drug paraphernalia, drug proceeds, records of expenditures, etc. at 3825 Bonnacreek Drive." (Doc. No. 18-1 at 5). He therefore sought a warrant to search the house and the vehicle. In doing so, Detective Byrnes relied on his experience, training, and knowledge. (Doc. No. 18-1 at 3-5). Based on this information, the Magistrate issued a search warrant on March 27, 2019, for 3825 Bonnacreek Drive and the black

Lexus. (Doc. No. 18-2). Later that same day, police executed the search warrant. During the search, officers located a small baggie of marijuana outside the garage, scales and a ten-dollar bill with white powder in the black Lexus, and five marijuana roaches, a pistol, 2.3 grams of crack cocaine, 7.4 grams of oxymorphone, and suboxone pills in 3825 Bonnacreek Drive. (Doc. No. 18-3).

## II.   ANALYSIS

Defendant moves to suppress the evidence found during the execution of the search warrant, arguing that the affidavit supporting the search warrant application did not establish probable cause for issuance of a warrant and, as a result, the search violates the Fourth Amendment. The Government argues that the affidavit established probable cause and that, even if it did not, the search was valid under the so called "good-faith" exception to the exclusionary rule that the Supreme Court formulated in *United States v. Leon*, 468 U.S. 897 (1984).

For a search warrant to be valid, it must be supported by probable cause. U.S. Const. amend. IV ("[N]o Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."). "Probable cause is defined as reasonable grounds for belief, supported by less than prima facie proof but more than mere suspicion." *United States v. Abernathy*, 843 F.3d 243, 249 (6th Cir. 2016) (citations and quotation marks omitted).

### A.  Probable Cause

To determine whether an affidavit establishes probable cause, an issuing magistrate must "make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983); *United States v. McCoy*, 905

3

F.3d 409, 416 (6th Cir. 2018) (when reviewing a warrant application for indicia of probable cause, courts "read the affidavit reasonably ... holistically, examining the totality of the circumstances and employing a healthy dose of common sense"). Accordingly, the affidavit must demonstrate "a nexus between the place to be searched and the evidence sought." *United States v. McPhearson*, 469 F.3d 518, 524 (6th Cir. 2006). "[W]hether an affidavit establishes a proper nexus is a fact-intensive question resolved by examining the totality of the circumstances presented." *United States v. Brown*, 828 F.3d 375, 382 (6th Cir. 2016).

In reviewing the magistrate's probable-cause determination, this Court's task is to ensure that the magistrate had a "substantial basis" for his conclusion. *Gates*, 462 U.S. at 238-239. When reviewing the sufficiency of a warrant application, district courts should afford the issuing Magistrate's probable cause determination "great deference." *United States v. Allen*, 211 F.3d 970, 973 (6th Cir. 2000) (en banc). The Court is limited to the four corners of the affidavit when reviewing the sufficiency of the evidence supporting the probable cause determination, *United States v. Berry*, 565 F.3d 332, 338 (6th Cir. 2009); information known to the officer but not conveyed to the magistrate is irrelevant. *United States v. Brooks*, 594 F.3d 488, 492 (6th Cir. 2010).

To show probable cause to justify the issuance of a search warrant, the officer submitting the oath or affirmation in support of the warrant must show "facts that indicate a fair probability that evidence of a crime will be located on the premises of the proposed search." *United States v. Crumption*, 824 F.3d 593, 615 (6th Cir. 2016). Thus, the critical question is whether the information contained in the affidavit, when presented to the issuing Judge, established that there was a fair probability that controlled substances and drug proceeds would still be found in the black Lexus or at 3825 Bonnacreek Drive.

Here, the only evidence in the affidavit connecting 3825 Bonnacreek Drive and the evidence sought – controlled substances and drug proceeds – is that the Defendant was believed to be staying there, was arrested there with a small bag of marijuana on his person, and that detectives detected a strong odor of marijuana coming from there after Defendant's arrest. (Doc. No. 18-1 at 4). The affidavit presents no evidence connecting the black Lexus and controlled substances or drug proceeds. Rather, the affidavit provides that the vehicle was parked outside 3825 Bonnacreek Drive and that detectives had observed Defendant driving the vehicle on multiple occasions.

The Court finds these averments were insufficient to establish probable cause because they do not establish the requisite nexus between the places to be searched and the evidence to be sought. *See United States v. McPhearson*, 469 F.3d 518, 524 (6th Cir. 2006). The Government argues that the issuing Judge rightfully concluded that if marijuana was emanating from the residence, there was a fair probability that controlled substances or evidence related to narcotics would be found inside the residence. However, on the face of the affidavit, the evidence of the odor of marijuana coming from the residence was twenty days old when the warrant issued. (*See* (Doc. No. 18-1 at 4 (indicating Defendant was arrested on "03/7/2019"). The probable cause required for a search warrant "'is concerned with facts relating to a presently existing condition.'" *United States v. Abboud*, 438 F.3d 554, 572 (6th Cir. 2006) (quoting *United States v. Spikes*, 158 F.3d 913, 923 (6th Cir.1998)). Thus, a warrant must be supported by "facts so closely related to the time of the issue of the warrant as to justify a finding of probable cause at that time." *United States v. Hython*, 443 F.3d 480, 485 (6th Cir. 2006) (quoting *Sgro v. United States*, 187 U.S. 206, 210, 53 S.Ct. 138, 77 L.Ed. 260 (1932)). "In the context of drug crimes, information goes stale

5

very quickly 'because drugs are usually sold and consumed in a prompt fashion.'" *Brooks*, 594 F.3d at 493 (quoting *United States v. Frechette*, 583 F.3d 374, 378 (6th Cir. 2009)).

The Government asserts the incorrect date of arrest in the affidavit was merely a scrivner's error. At hearing, the Government argued that the issuing judge would have known that March 7, 2019 was the incorrect date of arrest because the date of the warrant application was March 27, 2019 and no reasonable judge would find probable cause for a search warrant with a twenty day discrepancy. The Government also argued at the hearing that it would be a hypertechnical reading of the affidavit to not read in the correct date of Defendant's arrest. However, the Government presented no evidence at the hearing or in its Response that Detective Byrnes or anyone else had corrected the twenty-day error in the date of Defendant's arrest for the issuing Judge.

Here, the Court finds that based on the four corners of the affidavit, the evidence of the odor of marijuana was stale at the time it was presented to the issuing Judge as the basis for probable cause. Accordingly, the Court finds that the affidavit did not provide a substantial basis for a finding of probable cause to search the black Lexus or 3825 Bonnacreek Drive.

### B. Good Faith Exception

The Government argues that the police acted in good faith in relying on the warrant, and therefore the Court should not suppress the fruits of the illegal search. Defendant argues the good-exception does not apply in the present case because the affidavit is so lacking in any indicia of probable cause that official belief in its existence is entirely unreasonable.

"When evidence is obtained in violation of the Fourth Amendment, the judicially developed exclusionary rule usually precludes its use in a criminal proceeding against the victim of the illegal search and seizure." *Illinois v. Krull*, 480 U.S. 340, 347 (1987). However, courts should not suppress evidence obtained in objectively reasonable reliance on subsequently

invalidated search warrants. *United States v. Leon*, 468 U.S. 897, 922 (1984). If the search warrant contains a "minimally sufficient nexus" between the illegal activity and the place to be searched supporting an officer's "good-faith belief in the warrant's validity, even if the information provided was not enough to establish probable cause," the Court should not suppress the evidence seized from that search. *United States v. Carpenter*, 360 F.3d 591, 596 (6th Cir. 2004).

To determine whether the good-faith exception to the exclusionary rule applies in the present case, the Court must decide "whether a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization. In making this determination, all of the circumstances ... may be considered." *Leon*, 468 U.S. at 922-23 n.23. "[A] determination of good-faith reliance, like a determination of probable cause, must be bound by the four corners of the affidavit." *United States v. Laughton*, 409 F.3d 744, 751 (6th Cir. 2005). Therefore, "the good faith exception to the exclusionary rule does not permit consideration of information known to a police officer, but not included in the affidavit, in determining whether an objectively reasonable officer would have relied on the warrant." *Id*. at 752.

For an officer's reliance on a warrant to have been reasonable, the application must have provided "a minimally sufficient nexus between the illegal activity and the place to be searched." *United States v. McCoy*, 905 F.3d 409, 416 (6th Cir. 2018) (quoting *United States v. Brown*, 828 F.3d 375, 385 (6th Cir. 2016)). The showing required to establish that reliance was "objectively reasonable" is less than the "substantial basis" showing required to establish probable cause. *Hython*, 443 F.3d at 484. If the reviewing court is "able to identify in the averring officer's affidavit some connection, regardless of how remote it may have been"—"some modicum of evidence, however slight"—"between the criminal activity at issue and the place to be searched," then the affidavit is not bare bones and official reliance on it is reasonable. *United States v. White*, 874 F.3d

7

490, 497 (6th Cir. 2017) (quoting *Laughton*, 409 F.3d at 749-50). Still, for an officer's reliance on a search warrant to have been reasonable, the affidavit must present some "particularized facts that indicate veracity, reliability, and basis of knowledge and go beyond bare conclusions and suppositions." *McCoy*, 905 F.3d at 416 (quoting *McPhearson*, 469 F.3d at 526).

The affidavit in the present case failed to provide a substantial basis for probable cause because it failed to provide the required nexus between the places to be searched and the evidence of illegal activity to be sought. *See McPhearson*, 469 F.3d at 524. However, the affidavit was not completely devoid of any facts connecting 3825 Bonnacreek Drive to the illegal activity. Rather, it noted the officers detected the odor of marijuana at 3825 Bonnacreek Drive. Based on this "modicum of evidence", the Court finds the affidavit provided a "minimally sufficient nexus" between the illegal activity at issue and 3825 Bonnacreek Drive. As such, the Court is constrained to find that the affidavit is not so lacking in indicia of probable cause as to render official belief in its existence unreasonable. *See United States v. Carpenter*, 360 F.3d 591, 596 (6th Cir. 2004).

In contrast, the affidavit contained no facts connecting the vehicle to the illegal activity. The only information contained in the affidavit as to vehicle was that it was parked at 3825 Bonnacreek Drive and that detectives had observed Defendant driving the vehicle on multiple occasions. Given the failure of the affidavit to articulate any nexus between the illegal activity and the car, no reasonable officer could have believed that the warrant was valid as to the black Lexus. *See United States v. McPhearson*, 469 F.3d 518, 527 (6th Cir. 2006).

* * *

The Court concludes that the warrant authorizing a search of 3825 Bonnacreek Drive and the black Lexus was invalid because the supporting affidavit did not provide a substantial basis for a finding of probable cause. The Court further concludes that the good faith exception may be

applied to validate the search of 3825 Bonnacreek Drive, but not to the search of the black Lexus. Accordingly, Defendant's Motion to Suppress Evidence (Doc. No. 18) is **GRANTED** as to the evidence seized during the search of the black Lexus, and **DENIED** as to the evidence seized during the search of 3825 Bonnacreek Drive.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE